[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE TEMPORARY INJUNCTION AND ITS SCOPE
Plaintiff brings this action to enforce the Water Pollution control Act, C.G.S. § 22a-416 et seq., and to remedy environmental contamination at three sites in Connecticut, 70 Cascade Boulevard, Milford; 11 Cascade Boulevard, Milford and 37 Robinson Boulevard, Orange. CT Page 3428
At the conclusion of the trial the court asked the parties for their briefs on the merits and for their suggestions as to what remedies, if any, would be appropriate to order by temporary injunction.
 Facts
Mercury contamination was found in the soil and septic systems at all three sites. Mercury was also found in the water at 70 Cascade and 37 Robinson. Mercury contamination was also found in the sediment of streams down-gradient from the sites.
No. 11 Cascade Boulevard was owned by one or more of the defendants but is now owned by an unrelated entity.
Plaintiff has proven that defendants are in violation of the statutes and that it will very likely win on a final trial on the merits for a permanent injunction.
The court has balanced the equities between the plaintiff and defendants and recognizes that some of the work here ordered may have been completed in whole or in part but nevertheless issues the following:
 ORDER OF TEMPORARY INJUNCTION
The plaintiff's Complaint, duly verified, and Application for Temporary Injunction and Order to Show Cause having come before me, it appearing that an Order of Temporary Injunction should immediately issue, and it appearing that the temporary injunction being sought by a public officer of the State of Connecticut in a matter of a public nature ought to issue without bond in accordance with Conn. Gen. Stat. § 52-472, the following temporary injunction is hereby issued:
These are therefore, by authority of the state of Connecticut to command and enjoin you, Light Sources, Inc. and LCD Lighting, Inc. and Neon, Inc. and each of your officers, agents servants or employees, or any other person or entity acting on your behalf, to do the following: First apply for state or local permits which might be required for the actions ordered within 20 days of the date of receipt of this order.
 I. Investigations of all three sites.
CT Page 3429
The defendants are required to cease all discharges of wastewater polluted with mercury or other substances from all three sites and to investigate and mitigate or remediate the soil, ground water and surface water pollution on or downstream from all three sites by taking the following actions:
A. On or before fifteen days following the signing of this order, the defendants shall retain one or more qualified consultants (Consultants) acceptable to the Commissioner of Environmental Protection ("Commissioner") to prepare the documents and implement or oversee the actions required by this paragraph of the order and shall, by that date, notify the Commissioner in writing of the identity of the Consultants until this Order is fully complied with, and, within ten days after retaining any consultant, other than three originally identified under this paragraph, defendants shall notify the Commissioner in writing of the identity of such other consultant.
B. On or before thirty (30) days following the signing of this order, the defendants shall submit for the Commissioner's review a "scope of study" for an investigation of contamination by mercury and other pollutants released as a result of defendants' activities on and downstream of the of the three sites including, but not limited to, the existing extent and degree of soil, sediment, ground water and surface pollution and the potential impact of such pollution on the environment both on-site and off-site for all three sites. Such scope of study shall include at least the proposed location and depths of groundwater monitor wells and soil, sediment, surface water sampling, including testing for inorganic and organic mercury compounds, a proposed sampling and analytical program including at least the proposed location and depths of groundwater monitor wells and soil, sediment, surface water sampling, including, testing for inorganic and organic mercury compounds, a proposed sampling and analytical program including at least the parameters to be tested, proposed sampling and analytical methods, and quality assurance and quality control procedures and a schedule for conducting the investigation. The schedule shall provide for completion of all activities identified in the scope of study as soon as possible, but in no event later than June 30, 1999.
C. The defendants shall perform the investigation and other actions specified in the approved scope of study and in any CT Page 3430 approved supplemental court approved plan in accordance with the approved schedule. The defendants shall notify the Commissioner of the date and time of installation of all monitoring wells and of each soil and water sampling event at least five full business days prior to such installation or sampling.
D. Except as may be provided in the investigation schedule approved by the Commissioner, on or before thirty days after the approved date for completion or the investigation, the defendants shall submit for the Commissioner's review and written approval a detailed report which describes the investigation performed; the existing extent and degree of soil, sediment, surface water and ground water pollution which is on or is emanating from or has emanated from each site; evaluates the alternatives for remedial actions to abate such pollution, including, but not limited to excavation and removal, and any other alternatives specified by the Commissioner; proposals for preferred alternatives with supporting justification therefor, and proposals in draft form of detailed programs and schedules to perform the preferred remedial actions. Such report shall also include, a draft soil, sediment, surface water and ground water monitoring program and a schedule for performing the approved monitoring program.
II. Interim Remediation of Wetland Pollution Downgradient of 70 and 11 Cascade Boulevard
The defendants are required to identify areas of Mercury contamination of sediment above one part per million ("ppm") in the wetland environment downgradient of the 70 Cascade facility and the 11 Cascade facility, including, but not limited to, the wetland area located to the west of the west parking lot at the 70 Cascade facility, in all watercourses downgradient of the 70 Cascade facility and 11 Cascade facility including the unnamed stream north and south of Cascade Boulevard, the unnamed swamp or pond south of Cascade Boulevard, and any other areas which the investigation performed in accordance with Section I of this order indicates are contaminated with mercury above 1 ppm. All areas of mercury contaminated sediment above 1 ppm shall be remediated to a depth at which the mercury concentration is equal to a background level of 0.46 ppm and shall be performed by taking the following actions:
A. Defendants shall perform all actions required in Section 1 of this order with respect to all areas of the wetland CT Page 3431 environment downgradient of the 70 Cascade facility and the 11 Cascade facility.
B. On or before thirty days following the entry of this order, defendants shall submit for the Commissioner's review an interim remedial action plan to abate pollution above 1 ppm in all downgradient areas to a background level of 0.46 ppm for sediment. 0. Such plan shall include a description of the interim remedial action proposed and an evaluation of alternative remedial actions, a proposed detailed program and schedule to perform the proposed interim remedial actions, a soil, sediment, surface water and ground water monitoring program to determine the degree to which the proposed interim remedial actions will be effective and a schedule for performing the approved monitoring program.
C. Unless another deadline is specified in writing by the Commissioner, on or before thirty (30) days after approval of the plan described in the preceding subparagraph, the defendants shall submit for the Commissioner's review and written approval contract plans and specifications for the interim remedial actions and shall submit applications for all permits required for such actions. The defendants shall use their best efforts to expeditiously obtain all required permits.
D. The defendants shall perform the approved interim remedial actions in accordance with the approved schedule, and, within fifteen days of completing such actions, shall certify to the Commissioner in writing that the actions have been completed as approved. Such certification shall be signed by the appropriate consultant for the defendants and by a responsible corporate officer of each of the defendants.
III. Interim Remediation: Re 37 Robinson Boulevard
The defendants Light Sources, Inc. and/or LCD Lighting, Inc., and each of them ("defendants") is required to remediate all mercury contamination of sediments above 1 ppm in the southeast retention pond located at the 37 Robinson facility, watercourses downgradient of that pond, and any other areas which the investigation performed in accordance with Section I of this order indicates sediments have been contaminated with mercury above 1 ppm. All areas in which mercury contamination is above 1 ppm shall be remediated to a depth at which the concentration of mercury is equal to the background level of CT Page 3432 0.46 ppm and shall be performed by taking the following actions:
A. Defendants shall perform all actions required in Section I of this order with respect to the southeast retention pond and all areas downgradient of it.
B. On or before thirty days following the entry of this order, defendants shall submit for the Commissioner's review a remedial action plan to abate pollution of sediments above 1 ppm in all downgradient areas to the background level of 0.46 ppm. Such plan shall include but not be limited to, a description and verification of any mitigation or remedial actions undertaken to date, a description of any further remedial action proposed and an evaluation of alternative remedial actions, a proposed detailed program and schedule to perform the remedial actions.
C. Unless another deadline is specified in writing by the Commissioner, on or before thirty (30) days after approval of the plan described in the preceding subparagraph, the defendants shall submit for the Commissioner's review and written approval contract plans and specifications for the interim remedial actions and shall submit applications for all permits required for such actions. The defendants shall use best efforts to expeditiously obtain all required permits.
D. The defendants shall perform the approved interim remedial actions in accordance with the approved schedule, and, within fifteen days of completing such actions, shall certify to the Commissioner in writing that the actions have been completed as approved. Such certification shall be signed by the appropriate consultant for the defendants and by a responsible corporate officer of each of the defendants.
IV. Interim Mitigation Measures 70 Cascade Boulevard. 11 Cascade Boulevard and 37 Robinson Boulevard:
The defendants are required to mitigate or remediate mercury contamination at the 70 Cascade facility, the 11 Cascade facility and the 37 Robinson facility pending final judgment in this case by taking the following interim actions:
A. Defendants shall perform all actions required in Section I of this order with respect to all three facilities at issue in this case. CT Page 3433
B. On or before thirty (30) days following the signing of this order, the defendants shall, if they have not done so within the past sixty days, pump out the septic tanks at the 70 Cascade facility, the 11 Cascade facility and the 37 Robinson facility and properly dispose of their contents. Prior to the pumpout and disposal, the defendants shall submit to the Commissioner no later than twenty (20) days following the signing of this order, a written report which includes laboratory analyses of the contents of all septic tanks, the name and address of any facility to which any septage will be delivered, the name and address of the hauler for the septage and the dates when the septic tanks will be pumped out.
C. On or before ninety (90) days following the signing of this order, the defendants shall provide written notice to the Commissioner that use of the septic systems at the 70 Cascade facility, the 11 Cascade facility and the 37 Robinson facility has been discontinued. In the event that the discontinuance of use of any of the septic systems cannot be accomplished within ninety days, the defendants shall remove from any septic system, leaching gallery or leaching field remaining in use and properly dispose of all septic sludge and other material contaminated with mercury above 1 ppm.
D. On or before thirty (30) days following the signing of this order, the defendants shall submit for the Commissioner's review and written approval a plan and schedule for excavation and removal of surface soils, including asphalt and concrete surfaces and the soils beneath them, which are currently known to be contaminated with mercury above 1 ppm at the 70 Cascade facility, the 11 Cascade facility and the 37 Robinson facility. Excavation shall be to a background level of 0.46 ppm. Once approved by the Commissioner, the plan shall be implemented in accordance with the approved schedule.
E. On or before thirty (30) days following the completion of the investigation of the 70 Cascade facility, the 11 Cascade facility and the 37 Robinson facility, the defendants shall submit for the Commissioner's review and written approval a supplemental plan and schedule to excavate and remove or otherwise decontaminate any asphalt or concrete surfaces which are contaminated with mercury above 1 ppm. Excavation shall be to a depth of at least one foot. Once approved by the Commissioner the plan shall be implemented in accordance with the approved schedule. CT Page 3434
F. Specifically As To: 11 Cascade Boulevard:
The defendants shall undertake promptly all necessary actions to gain access to this site to perform all the ordered actions including the following:
Defendants shall remove concrete and all soil below its location and within five feet on all four sides to a minimum depth of one foot and a maximum depth of that soil which contains no mercury contamination in excess of one ppm.
This order against the defendants LCD Lighting, Inc. and/or L.S. Neon, Inc., and each of them is issued without prejudice to the application to the court for additional temporary injunctive relief properly requested by the plaintiff on the basis of information obtained from the investigation set forth in Paragraph I of this order or from additional investigations conducted by the plaintiff. As to all orders, all actions and proposed actions shall be reported in writing to the Commissioner's office at least two business days in advance.
The actions required by this order are under penalty of $500 per day per violation for each violation, until further order of the court.
Dated at Hartford, this the 23rd day of March, 1999.
BY THE COURT
[EDITORS' NOTE: THE JUDGE'S SIGNATURE IS ELECTRONICALLY NON-TRANSFERRABLE.]